IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLORIA L. PATTON** § | | **PLAINTIFF** |
| § | | |
| V. § | | **Civil No. 1:11CV420-HSO-RHW** |
| § | | |
| **AMERICAN HOME MORTGAGE** § | | |
| **SERVICING, INC., et al.** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

This cause comes before the Court upon the Motion to Remand [3] of Plaintiff Gloria L. Patton, seeking remand of this case to the Circuit Court of Jackson County, Mississippi. Defendants American Home Mortgage Servicing, Inc. ("AHMSI"), and Deutsche Bank, National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificates, Series 2004-R10 ("Deutsche Bank"), have filed a Response [7]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion should be denied.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed her Complaint on or about September 14, 2011, in the Circuit Court of Jackson County, Mississippi, against Defendants AHMSI, Deutsche Bank, Adams & Edens, P.A., and John and Jane Does 1-10, alleging claims arising out of the alleged wrongful foreclosure of her home. Defendants removed the case on November 3, 2011, on grounds that Plaintiff had asserted claims under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1962, *et seq.*, such that federal

subject matter jurisdiction existed pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction existed over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[1] Plaintiff contends that the case should be remanded on grounds that complete diversity of citizenship is lacking as required by 28 U.S.C. § 1332.

## II. DISCUSSION

A.  Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  28 U.S.C. § 1441. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress.  *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982).  For this reason, removal statutes are subject to strict construction.  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

---

[1] Defendants AHMSI and Deutsche Bank removed the case to this Court on November 3, 2011.  Not. of Removal [1].  Defendant Adams & Eden, P.A., consented to the removal.  Consent, attached as Ex. "A" to Not. of Removal.

Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164). The party seeking removal bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

Where a district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a court may decline to exercise supplemental jurisdiction under the circumstances set forth in § 1367(c).

B.  <u>Plaintiff's Motion to Remand</u>

    1.  *Federal Question Jurisdiction*

The Notice of Removal asserts that this Court has federal question jurisdiction over this case pursuant to § 1331, on grounds that Count Four of Plaintiff's Complaint advances a cause of action under the FDCPA. In her Motion to Remand, Plaintiff contends that "[m]ost of the Plaintiff's complaint comprises state law claim [sic]," and she argues that the case should be remanded since complete diversity of citizenship is lacking. Mem. in Supp. of Mot. [4] at p. 6.

As the United States Supreme Court has explained, under 28 U.S.C. § 1331,

> [t]his so-called "arising under" or "federal question" jurisdiction has long been governed by the well-pleaded-complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on

> the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). A federal question "is presented" when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would *also* support a federal complaint. "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Ibid.*

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 13 (2003) (emphasis in original).

The Complaint on its face clearly states a claim for a violation of the FDCPA. Plaintiff alleges that Defendants AHMSI and Adams are debt collectors, as defined by 15 U.S.C. § 1692a(6), who mailed letters containing false representations to Plaintiff in an attempt to collect and/or enforce a debt. Compl. ¶¶ 50-53. Plaintiff avers that these Defendants engaged in debt collection practices in violation of various provisions of the FDCPA, including but not limited to § 1692f, which regulates unfair practices by debt collectors in collecting or attempting to collect any debt, § 1692(e), which regulates false or misleading representations by debt collectors in connection with the collection of any debt, and § 1692(d), which regulates harassment or abuse by debt collectors in connection with the collection of any debt. *Id.* ¶ 57.

Plaintiff concedes that she has asserted a federal claim against Defendants under the FDCPA, but argues that FDCPA cases may nonetheless be remanded to state court. Mem. in Supp. of Mot. to Remand [4]. Plaintiff directs the Court to two cases, *Bank of Am. v. Weston*, No. 2:11cv468, 2011 U.S. Dist. LEXIS 46813 (D. S.C. March 23, 2011), and *Napus Fed. Credit Union v. Campbell*, No. 4:10cv1403, 2010

U.S. Dist. LEXIS 92810 (E.D. Mo. Sept. 7, 2010), in support of her position.  Both cases are distinguishable from the present one, however.  Both *Weston* and *Napus* were removed from state court to federal court by Defendants on the basis of their counterclaims, which invoked the FDCPA.  The law is clear that "a counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group v. Vornado Airculation*, 535 U.S. 826, 830 (2002).  Here, Plaintiff has clearly alleged a federal claim on the face of her Complaint.  This Court therefore has federal question jurisdiction over this matter, and Plaintiffs' Motion to Remand should be denied.

    2.    *Supplemental Jurisdiction*

Having reviewed the allegations in the Complaint, the Court is of the opinion that, under the circumstances, it should exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(a), because the remaining claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).  The Court further finds that there is no reason for it to decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [3] the above styled and numbered cause to state court is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 2nd day of April, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE