IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLORIA L. PATTON** | § | **PLAINTIFF** |
| | § | |
| V. | § | **Civil No. 1:11CV420-HSO-RHW** |
| | § | |
| **AMERICAN HOME MORTGAGE** | § | |
| **SERVICING, INC., et al.** | § | **DEFENDANTS** |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is a Motion [21] to Dismiss or, Alternatively, Motion for Summary Judgment filed by Defendant Adam & Edens, P.A. ("Adams & Edens"). Plaintiff Gloria L. Patton has filed a Response [24]. After due consideration of the record, the submissions on file, and relevant legal authorities, the Court finds that Defendant's Motion [21] should be granted. Plaintiff's claims against Adams & Edens should be dismissed.

### I. BACKGROUND

This dispute arises from the foreclosure of Plaintiff's home. On July 26, 2004, Plaintiff and her husband executed a Deed of Trust and Note with Ameriquest Mortgage Company ("Ameriquest") to purchase a residence in Jackson County, Mississippi (the "Property"). Note and Deed of Trust, Ex. A to Pl.'s Compl. [2]. The parties agree that in 2004, Ameriquest assigned the Deed of Trust and Note to Ameriquest Mortgage Securities, Inc. ("Ameriquest Securities"), who then assigned the Deed of Trust and Note to Duetsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through

Certificates, Series 2004-R10 (the "Trust").  Pooling and Service Agreement;[1] Pl.'s Mem. [54] in Supp. of Mot. for Partial Summ. J. at p. 2; Defs.' Mem. [70] in Supp. of Resp. at pp. 2-3.  An "Assignment of Mortgage" filed in the land records of Jackson County, Mississippi, on February 18, 2009, indicates that Ameriquest assigned the Deed of Trust and Note to the Trust.  Assignment of Mortgage, Ex. B to Pl.'s Compl. [2].  The "Assignment of Mortgage" is incorrect in this respect because Ameriquest Securities, not Ameriquest, assigned the Deed of Trust and Note to the Trust.

Plaintiff's husband passed away on July 2, 2010, and she subsequently defaulted on her mortgage loan.  Pl.'s Compl. [2] at p. 3.  She contacted the servicer of the loan, American Home Mortgage Servicing, Inc. ("AHSMI"), "in order to work out a solution to save her home."  Pl.'s Mem. [25] in Supp. of Resp. at p. 2.[2]  AHSMI ultimately concluded that Plaintiff did not qualify for a home loan modification.  Letter [53-5], Ex. C to Pl.'s Mot. for Partial Summ. J.  AHMSI retained the law firm of Adams & Edens to initiate foreclosure proceedings on the Property.  By letter dated November 18, 2010, Adams & Edens notified Plaintiff that it intended to foreclose on the Property.  Letter, Ex. A to Aff. of Bradley Jones [21-1], Ex. 1 to Def.'s Mot. to Dismiss [21].  The letter inaccurately stated that AHSMI was "the creditor to whom the debt is owed," when in fact, the creditor was the Trust.

In February 2011, AHMSI, as attorney-in-fact for the Trust, substituted

---

[1] The Pooling and Service Agreement is publically available at the following web address: http://www.sec.gov/Archives/edgar/data/1305435/0000882377 04002163/d270598.txt

[2] AHSMI is now known as Homeward Residential, Inc.

Bradley Jones of Adams & Edens as the trustee of the Deed of Trust. Substitution of Trustee, Ex. D to Pl.'s Compl. [2]. On April 14, 2011, the Property was purchased by the Trust at the foreclosure sale. Pl.'s Compl. [2] at p. 4.

On September 14, 2011, Plaintiff filed this suit in the Circuit Court of Jackson County, Mississippi, against AHSMI, the Trust, and Adams & Edens. Pl.'s State Ct. Compl. [1-2]. Defendants removed the suit to this Court on November 3, 2011. Not. of Removal [1]. Plaintiff's Complaint advances four causes of action against all Defendants: (1) wrongful foreclosure; (2) slander of title; (3) private nuisance; and (4) violation of the Fair Debt Collections Practices Act ("FDCPA"), namely 15 U.S.C. §§ 1962(e), 1692(e), 1692(f)(1), and 1692(f)(6). Adams & Edens has now filed a Motion [21] to Dismiss or, Alternatively, Motion for Summary Judgment, wherein it requests dismissal of Plaintiff's claims against it.

## II. DISCUSSION

### A. Summary Judgment Standard

In support of its Motion, Adams & Edens has submitted the affidavit of Bradley P. Jones, its managing partner, and a notice of foreclosure letter that it sent to Plaintiff in November 2010 prior to the April 2011 foreclosure. Aff. of Bradley P. Jones [21-1]; Letter, Ex. A to Aff. of Bradley P. Jones [21-1]. Because the Court has considered these matters outside the pleadings, Adams & Edens' Motion [21] will be treated as a motion for summary judgment. FED. R. CIV. P. 12(d).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Melton v. Teachers Ins. & Annuity Ass'n of Am.,* 114 F.3d 557, 560 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co,* 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp.*, 612 F.3d at 858. "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232

F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

B.  Analysis of Adams & Edens' Motion

    1.  Plaintiff Does Not Have Standing to Pursue Her State Law Claims for Wrongful Foreclosure, Slander of Title, and Private Nuisance

Adams & Edens submits that Plaintiff does not have standing to pursue her state law claims for wrongful foreclosure, slander of title, and private nuisance because she admittedly defaulted on the Note and foreclosure was authorized by the Deed of Trust, regardless of who held the Note. Plaintiff, on the other hand, maintains that she:

> lost her home due to a wrongful foreclosure conducted by [Adams & Edens]. [She] has standing to challenge the foreclosure sale. [She] is a party to the note and deed of trust in question. . . . [She] is not asserting contractual rights in the assignments/transfers of the note and deed of trust[.] [S]he is merely pointing out that [Adams & Edens] has no legal or contractual authority to foreclose.

Pl.'s Mem. [25] Supp. of Resp. at p. 8.

In *Battle v. GMAC Mortgage, LLC*, this Court found that homeowners who defaulted on their mortgage loan had no standing to pursue wrongful foreclosure, slander of title, and private nuisance claims, regardless of the "holder" of the Note:

> [A]ssuming for the sake of argument only that GMAC was not the owner of the deed of trust and/or promissory note, the [plaintiffs] do not have standing to contest GMAC's foreclosure of the property. *See Sposit v. Fed. Nat'l Mortg. Ass'n,* No. 4:11-cv-542, 2011 WL 5977319, *4-5 (E.D. Tex.

> Nov. 3, 2011). The [plaintiff's] lost their interest in the property when they defaulted . . . .

No. 1:11-cv-187-LG-RHW, *9 (S.D. Miss. Dec. 8, 2011); *see Neely v. Regions Bank, Inc.,* No. 4:04-cv-106, 2007 WL 571111, *2 (N.D. Miss. Feb. 20, 2007)("An action for wrongful foreclosure cannot be sustained if the plaintiffs themselves assert that they tendered an amount of money that is clearly less than the arrearage.").

Plaintiff lost her interest in the Property upon her default and failure to cure. There is nothing in the record indicating that Plaintiff attempted to pay any portion of her arrearage after she was notified of the impending foreclosure. Regardless of who held the Note, foreclosure was authorized by the terms of the Deed of Trust. *See Wilhelm v. Wells Fargo Bank, N.A.,* No. 4:11-cv-272-A, 2011 WL 2273562, *3 (N.D. Tex. June 9, 2011) ("Although plaintiff contends defendant is not the holder of the original note and disputes defendant's right to foreclose, nothing in the petition could lead to the conclusion that plaintiff is the holder of the original note, or that plaintiff would be entitled to enjoin foreclosure and eviction by whoever holds the original note.").

Plaintiff's responsibilities under the Deed of Trust and Note remained unchanged regardless of any assignments of these instruments. Nothing in the record suggests that Plaintiff had any grounds to enjoin foreclosure. Plaintiff held no possessory interest in the Property at the time of foreclosure, and therefore she does not have standing to pursue claims for wrongful foreclosure, slander of title, and private nuisance. *Battle,* No. 1:11-cv-187-LG-RHW at *9. Adams & Edens is entitled to judgment as a matter of law on these claims, and they should be

dismissed.

  2. <u>Adams & Edens Did Not Violate the FDCPA</u>

    a. <u>Adams & Edens is Not Subject to All Provisions of the FDCPA</u>

Plaintiff contends that Adams & Edens violated the FDCPA, namely, 15 U.S.C. §§ 1692(d), 1692(e), 1692(f)(1) and 1692(f)(6). Pl.'s Compl. [2] at pp. 8-9. Adams & Edens submits that it does not meet the FDCPA's general statutory definition of a debt collector such that it is only subject to 15 U.S.C. § 1692(f)(6), which applies to the enforcement of security interests. Def.'s Mem. [22] in Supp. of Resp. at pp. 1-4. Plaintiff does not dispute this argument in any meaningful way. She merely states that "[a]t a minimum, A&E is a debt collector for purposes of § 1692f(6). Whether A&E is a 'debt collector' or 'creditor' under the general definition of 'debt collector' is yet to be determined."[3] Pl.'s Mem. [25] Supp. of Resp. at p. 6.

The general definition of a debt collector under the FDCPA is:

> any person who uses any instrumentatility of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

---

[3] The Court notes that discovery has concluded in this matter, with the exception that the Magistrate Judge granted the parties' request to take Plaintiff's deposition and her forensic accountant expert's deposition out of time. Order [59]. These depositions have not yet occurred.

Courts have repeatedly held that where a law firm or attorney is hired to conduct a non-judicial foreclosure to enforce a security interest in the property, not to collect any deficiency, their efforts do not meet the FDCPA's general definition of a debt collector. *Frascogna v. Wells Fargo Bank, N.A.,* No. 3:07-cv-96-DPJ-JCS, 2009 WL 2843284, *4 (S.D. Miss. Aug. 31, 2009); *see Teeuwissen v. JP Morgan Chase Bank, N.A.,* No. 3:11-cv-46-TSL-FKB, 2012 WL 3886108, *7-9 (S.D. Miss. Sept. 6, 2012); *Fouche v. Shapiro & Massey LLP,* No. 3:07-cv-251-TSL-JCS, 575 F. Supp. 2d 776, 783-84 (S.D. Miss. Aug. 5, 2008)("[A] person whose principal purpose is the enforcement of security interests is a 'debt collector' *for the purpose of § 1692f(6),* but is not subject to the rest of the FDCPA unless he also fits § 1692a(6)'s general definition of a debt collector.")(emphasis supplied).

Plaintiff has offered no evidence that Adams & Edens engages in debt collection or that it regularly takes actions beyond those necessary to foreclose on deeds of trust. Adams & Edens has submitted an affidavit executed by its managing partner, Bradley P. Jones, wherein he avers that the firm's exclusive focus is representation of mortgage lenders and servicers "in the enforcement of security interests secured by real estate." Aff. of Bradley P. Jones [21-1]. He attests that while Adams & Edens forecloses on real estate, it has no involvement in collecting deficiency balances. *Id.* Based on the evidence in the record, Adams & Edens does not meet the FDCPA's general definition of a debt collector, and thus it is a debt collector only for purposes of 15 U.S.C. § 1692f(6).

      b.      Adams & Edens did not Violate 15 U.S.C. § 1692f(6)

Section 1692f(6) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –
>
>     (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
>     (B)    there is no present intention to take possession of the property; or
>
>     (C)    the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

Plaintiff contends that Adams & Edens violated § 1692f(6) by "mail[ing] a letter to [Plaintiff] in an attempt to collect and/enforce a debt," which "identifies AHSMI as the 'creditor to whom the debt is owed,'" when, in fact AHMSI was the mortgage loan servicer, and the Trust was the creditor. Pl.'s Mem. [25] Supp. of Resp. at p. 7; *see* Letter, Ex. A to Aff. of Bradley P. Jones [21-1]. Plaintiff alleges that this notice of foreclosure letter "made false representations about the debt; namely, to whom the debt was owed and their ability to enforce [Plaintiff's] Note." Pl.'s Mem. [25] Supp. of Resp. at p. 7.

Adams & Edens' notice letter correctly stated that Plaintiff defaulted on her loan, that it had been retained to foreclose on the Property, and that it intended to

foreclose.  Letter [21-1], Ex. A to Aff. of Bradley P. Jones [21-1].  The letter advised Plaintiff of the amount of her arrearage and her right to dispute the debt within thirty days.  *Id.*  While there is evidence in the record that Plaintiff wrote a letter to Adams & Edens after receiving this notice, there is nothing in the record to indicate that she disputed the debt or attempted to pay any portion of the arrearage.  Plaintiff does not allege that confusion over the identity of the creditor caused her inability to cure her default.  The error in Adams & Edens' notice letter indicating that AHSMI was the creditor is immaterial.

Plaintiff submits that Adams & Edens' notice of foreclosure letter also violated § 1692f(6) because there was no "present right to possession of the property claimed as collateral through an enforceable security interest."  Pl.'s Mem. [25] Supp. of Resp. at p. 7.  This position is plainly incorrect.  The Trust had a "present right to possession of the [P]roperty" because it owned the Deed of Trust and Note at the time of Plaintiff's default.  The terms of the Deed of Trust authorized the Trust to foreclose.  Plaintiff's § 1692f(6) FDCPA claim against Adams & Edens should be dismissed.

### III. CONCLUSION

For the foregoing reasons, there are no genuine issues of material fact, and Adams & Edens is entitled to judgment as a matter of law.  Plaintiff's claims against Adams & Edens should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [21] to Dismiss or, Alternatively, Motion for Summary Judgment filed by Defendant

Adam & Edens, P.A., is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Adams & Edens, P.A. are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 28th day of March, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE